J-S37036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRON JOHNSTON | |
| Appellant | No. 1777 WDA 2015 |

Appeal from the Judgment of Sentence January 24, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000053-2004

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 09, 2016**

Tron J. Johnston appeals from the judgment of sentence entered in the Court of Common Pleas of Jefferson County following revocation of his probation. We affirm.

On March 3, 2004, after pleading guilty to three counts of possession with intent to deliver (PWID)[1] at docket numbers CR-700-2003, CR-51-2004 and CR-53-2004 and one count of possession of drug paraphernalia[2] at CR-52-2004, the trial court sentenced Johnston to two years' probation. On October 8, 2004, the court revoked Johnston's probation after he tested positive for heroin and resentenced him to five to ten years' consecutive

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(32).

incarceration at docket numbers CR-700-2003, CR-51-2004 and CR-53-2004 and six months' to one year's incarceration at docket number CR-52-2004, for an aggregate term of fifteen-and-a-half to thirty-one years' incarceration.

On November 3, 2005, this Court vacated Johnston's entire sentence and remanded to the trial court for resentencing. On remand, the trial court resentenced Johnston to five years' intermediate punishment at CR-700-2003, two-and-a-half to five years' incarceration and one year of probation at CR-51-2004, one year of probation at CR-52-2004, and two years' probation at CR-53-2004.

On April 7, 2011, Johnston pled guilty to reckless endangerment of another person (REAP)[3] in an unrelated case. At the time, Johnston had completed serving his sentence at CR-700-2003. The trial court revoked his probation at docket numbers CR-51-2004 and CR-53-2004[4] and sentenced him to two-and-a-half to five years' incarceration at CR-51-2004 and a consecutive sentence of three years' probation at CR-53-2004.

On January 24, 2014, after pleading guilty to recklessly endangering the welfare of a child[5] and simple assault,[6] the trial court revoked Johnston's

_____

[3] 18 Pa.C.S. § 2705.

[4] Johnston had already served his probation at CR-52-2004.

[5] 18 Pa.C.S. § 4304.

[6] 18 Pa.C.S. § 2701.

probation at CR-53-2004 and resentenced him to seven-and-a-half to fifteen years' incarceration for the underlying PWID conviction.

On January 21, 2015, Johnston filed a timely *pro se* PCRA petition, alleging that revocation counsel failed to appeal the revocation sentence at CR-53-2004 on his behalf and seeking reinstatement of his post-sentence rights. Johnston was appointed PCRA counsel and filed an amended PCRA petition on March 16, 2015. On October 15, 2015, the trial court reinstated Johnston's post-sentence rights. On October 21, 2015, Johnston filed a motion to modify sentence, alleging that the revocation court abused its discretion in sentencing him to seven-and-a-half to fifteen years' incarceration at CR-53-2004. The revocation court denied the motion on October 22, 2015. Johnston filed this timely appeal on November 9, 2015, and then filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on November 22, 2015.

Johnston raises the following issue on appeal:

Did the trial court abuse its discretion by imposing the maximum statutorily allowed probation revocation sentence of seven[-]and[-]one[-]half (7½) to fifteen (15) years' incarceration, with credit for time served, without considering all relevant sentencing factors, resulting in an excessive, unreasonable, and harsh sentence contrary to the fundamental norms that underlie the sentencing process[,] considering the nature of the crime?

Appellant's Brief, at 5.

On appeal, Johnston's primary contention is that the revocation court placed "more emphasis on [Johnston's] prior convictions, for which he had already been sentenced . . . than [on] the underlying crime of [PWID],

resulting in an excessive and unreasonably harsh sentence." Appellant's Brief, at 21. This issue involves a challenge to the discretionary aspects of Johnston's revocation sentence.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. *Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005). Notwithstanding the stated scope of review suggesting that only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. *Commonwealth v. Sierra*, 752 A.2d 910, 912 n.6 (Pa. Super. 2000). *See also Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (en banc) (scope of review following revocation proceedings includes discretionary sentencing claims).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Sierra*, *supra*. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Instantly, Johnston filed a timely notice of appeal following the reinstatement of his post-sentence rights, and he preserved his challenge to the discretionary aspects of his sentence by raising the issue in a motion to modify his sentence. Johnston's brief includes a statement of the reasons relied upon for allowance of appeal regarding the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Johnston presents a substantial question that the sentence from which he appeals is not appropriate under the Sentencing Code.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

Instantly, Johnston contends that his revocation sentence is inconsistent with the provision of the Sentencing Code requiring that the court consider "the gravity of the offense as it relates to the impact on the life of the victim and on the community." 42 Pa.C.S. § 9721(b). Johnston argues that the revocation court considered only the gravity and impact of

Johnston's previous convictions for REAP, simple assault, and endangering the life of a child for which he had already been sentenced, while failing to take into account the relatively mild gravity and impact of Johnston's underlying conviction for PWID.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Hoover**, 909 A.2d 321, 322 (Pa. Super. 2006). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). We note that where the sentencing court has reviewed a presentence investigation report, the court is considered to have appropriately weighed the requisite sentencing factors. **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012).

The Sentencing Guidelines do not apply to sentences imposed following revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct

indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282-83 (Pa. Super. 2010).

Instantly, Johnston's claim that the revocation court placed undue emphasis on the gravity and impact of his past crimes, instead of on his underlying PWID, raises a substantial question. ***Sierra***, ***supra***. However, the record belies Johnston's claim that the revocation court considered only the gravity and impact of his previous convictions at the expense of discounting his underlying conviction for PWID.

The record reveals that the revocation court reviewed several presentence investigation reports dating back to 2004. The revocation court offered ample support for resentencing Johnston to the statutory maximum for his PWID conviction, namely Johnston's repeated convictions for unrelated crimes while on probation and his apparent inability to refrain from breaking the law. The revocation court offered the following support for its sentence:

> I read your presentence investigation, the addendums, the attachments; and, of course, this goes back to '04. We're dealing with a situation where you've been convicted of endangering [the] welfare of a child as a felony 3 and the simple assault as a misdemeanor 1. The child is age four, and this follows the last case, probation revocation on the other dockets. And I sent you to state prison on – it was – you pled to a recklessly endangering for the death of an individual who was riding in your car. Considering that length of time, the fact that you haven't been crime-free, and [the] new charges involving children, I think the recommendation is appropriate. So I'm going to revoke your probation, sentence you to no less than 7[-

]and[-]a[-]half nor more than 15 years concurrent with 639 and 209 of 2013.

N.T. **Gagnon II** Hearing, 1/22/14, at 4. The record supports the court's decision. Thus, Johnston's discretionary aspects of sentencing claim merits no relief. **Hoover**, **supra**. **See also Fish**, **supra**; **Naranjo**, **supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/2016